**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THE CLOROX COMPANY,

    Petitioner,

v.                                                                Case No. 8:24-MC-00011-JSM-TGW

ODYSSEY MANUFACTURING CO.,

    Respondent.
_____

**RESPONDENT'S UNOPPOSED MOTION TO TRANSFER MATTER**
**TO JUDGE PRESIDING OVER RELATED MATTER**

Respondent, Odyssey Manufacturing Co. ("Odyssey"), respectfully requests that this miscellaneous action be transferred to United States District Judge Barber, who is presiding over the related main action, *Odyssey Manufacturing Co. v. Olin Corporation*, Case No. 8:23-cv-00940, filed April 28, 2023 (the "Main Action"). This request is being made with the consent of Petitioner, The Clorox Company ("Clorox").

This miscellaneous action arises out of the Rule 45 subpoena Odyssey served upon Clorox in the Main Action. Clorox raised objections and moved to quash the subpoena in the Northern District of California (Case No. 24-mc-80096-DMR, *now* MD Fla. 8:24-mc-00011-JSM-TGW). Pursuant to two orders issued in the Northern District of California, the parties made joint filings advising the court of the Main Action pending here in the Middle District of

Florida and confirmed that this subpoena dispute is related to the discovery dispute already being addressed by the Court in the Main Action. *See* ECF Doc. 11; *see also* 8:23-cv-00940 ECF Docs. 79-80, 85-86.

Pursuant to Northern District of California Magistrate Judge Ryu's order, the parties conferred and advised the court that they consented to the transfer of this miscellaneous matter, pursuant to Rule 45(f), to this court. ECF Doc. 13. The parties and Magistrate Judge Ryu determined that because the issues raised by Clorox in the subpoena disputed are substantially similar to discovery disputes already being addressed in the Main Action[1], it made sense—both for the sake of consistency and judicial economy—for this subpoena dispute to be transferred to the same court/Judge. However, despite Odyssey filing the requisite Notice of Pendency pursuant to Local Rule 1.07 (ECF Doc. 18), this matter has remained assigned to Judge Moody rather than Judge Barber and Magistrate Judge Tuite, which countermands the reason for the consent to transfer in the first instance.

---

[1] Judge Barber has addressed discovery-related issues during the injunction hearing and subsequent case status hearings, and Magistrate Judge Tuite has addressed the motions to compel and for protective order.

## RULE 3.01(g) CERTIFICATION

Counsel for Odyssey and counsel for Clorox conferred regarding the relief requested in this motion and counsel for Clorox confirms that Clorox consents, and does not oppose, the relief requested herein.

Dated: June 14, 2024   */s/ T. Todd Pittenger*
T. TODD PITTENGER
Florida Bar No.: 768936
todd.pittenger@gray-robinson.com
**GRAYROBINSON, P.A.**
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Telephone: 407/843-8880
*Counsel for Odyssey Manufacturing Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which shall serve copies on all attorneys of record.

 */s/ T. Todd Pittenger*
T. TODD PITTENGER
*Counsel for Plaintiff*